# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SECURE AXCESS, LLC, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 6:13-CV-788 |
| TRUSTMARK NATIONAL BANK. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Trustmark Corporation for Lack of Personal Jurisdiction and Improper Venue and to Dismiss Trustmark National Bank for Improper Venue or, in the alternative, Motion to Transfer Venue ("the Motion"). Doc. No. 20. After considering the Parties' arguments, the Motion is **DENIED WITHOUT PREJUDICE**, and the Court **GRANTS** Plaintiff's request to take jurisdictional discovery. If warranted, Defendant may refile its request after the Parties conduct jurisdictional discovery.

## BACKGROUND

On October 16, 2013, Secure Axcess, LLC ("Secure Axcess") filed the above-styled action against Defendants Trustmark National Bank ("TNB") and Trustmark Corporation alleging infringement of U.S. Patent No. 7,631,191 ("the '191 Patent") and vicarious liability for the conduct of Defendants' subsidiaries, affiliates, and related entities. Doc. No. 1, ¶¶ 16, 20. On April 14, 2014, Defendants filed the Motion requesting dismissal or, in the alternative, transfer to the Southern District of Mississippi. Doc. No. 20. On May 19, 2014, Trustmark Corporation was voluntarily dismissed from this suit. Doc. No. 30. On June 9, 2014, this action was consolidated with sixteen other pending cases pertaining to the same alleged infringement for all pretrial matters, with the exception of venue. Doc. No. 46.

Secure Axcess is a Texas limited liability company with its principal place of business in Plano, Texas. Doc. No. 1, ¶ 2. TNB is a nationally chartered banking association that is incorporated in Mississippi with its principal place of business in Jackson, Mississippi. Doc. No. 20, ¶ 1. TNB has branch offices in the Houston, Texas metropolitan area, but no branch offices in the Eastern District of Texas ("District"). *Id.*, ¶ 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss a cause of action brought in an improper venue. In patent infringement actions, venue is proper if the cause of action is brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). If a court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Furthermore, section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

A corporate defendant's residence is "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). In a state with multiple districts, such as Texas, a corporate defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state…." 28 U.S.C. § 1391(d). Therefore, a plaintiff "must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought

to show venue was proper." *Garnet Digital, LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 815 (E.D. Tex. 2012).

To establish that a court has personal jurisdiction over a defendant, a plaintiff must show: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316–20 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–77 (1985). A plaintiff showing either "general or specific" jurisdiction over a defendant may meet the minimum contacts requirement. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction over a defendant arises when the defendant maintains "continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* at 414–16; *see also LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). Specific jurisdiction arises out of, or relates to, the cause of action, even if those contacts are isolated and sporadic. *LSI Indus.*, 232 F.3d at 1375 (citing *Burger King Corp.*, 471 U.S. at 472–73).

## **DISCUSSION**

The Parties disagree on whether personal jurisdiction controls venue. TNB asserts that venue is improper because none of its branch offices are in this District, and the accused website functionality is not being used in this District. Doc. No. 20 at 1. Further, TNB states that "[n]one of [its banking] customers are located in this District." Doc. No. 20 at 6 (citing Doc. No. 20-1, ¶ 7; DAVIDSON DEC.) (In relevant part: "[t]he accused website functionality is for use by TNB's banking customers who have an account at one of its many branch banks."). TNB argues that its website alone is not sufficient to find TNB purposefully directs activities to residents of

this District. *Id.* at 7. Secure Axcess responds that TNB failed to challenge personal jurisdiction in the Motion; therefore any argument that venue is improper has been waived. Doc. No. 31 at 4 (citing *Oasis Research, LLC v. Adrive, LLC*, Civ. No. 4:10-CV-435, 2011 U.S. Dist. LEXIS 80471, at *7–8 (E.D. Tex. May 23, 2011) ("[the defendant] is subject to the personal jurisdiction of this Court because [it] failed to bring a Rule 12(b)(2) challenge to personal jurisdiction in its Rule 12(b)(3) challenge to improper venue.")). TNB replies that the waiver argument lacks merit because the proper venue analysis under § 1391(d) is whether TNB has sufficient minimum contacts with this District, even when personal jurisdiction is proper in the state. Doc. No. 34 at 1. In the event TNB has not waived its personal jurisdiction challenge, Secure Axcess argues that a customer's interaction with TNB's website gives it sufficient contacts with this District. Doc. No. 37 at 2-3. Additionally, Secure Axcess requests the right to either re-plead its allegations or take jurisdictional discovery on this issue. *Id.* at 2.

TNB has not waived its argument that this District lacks sufficient minimum contacts to establish proper venue. TNB's Houston branch offices subject it to personal jurisdiction in Texas, but it is unclear whether venue is proper in this District under § 1391(d). As stated, § 1391(d) requires a plaintiff to establish that the defendant has sufficient minimum contacts in this District. The record does not support TNB's assertion that none of its customers are in this District. The record only reflects that the accused website functionality is used by TNB's banking customers who have an account at any one of its branch offices, and there are no TNB branch offices in this District. Doc. No. 20-1, ¶ 7. However, customers at local banks often open an account in one city, subsequently move, but continue the banking relationship via online services.

Secure Axcess's assertion that TNB has sufficient contacts with this District is a "preliminary showing of jurisdiction," such that its jurisdictional allegation can be supplemented through discovery. *See, e.g.*, *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *see Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1355 n.4 (Fed. Cir. 2001) ("On procedural issues not unique to the areas of law that are exclusively assigned to the Federal Circuit, the procedural law of the regional circuit is applied.") (discovery under FRCP 56(f) is governed by regional circuit law). The decision to grant jurisdictional discovery lies within a court's discretion. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Accordingly, Secure Axcess's request to take jurisdictional discovery is **GRANTED** in order to fill the various evidentiary gaps discussed above.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss for Improper Venue (Doc. No. 20) **WITHOUT PREJUDICE** and **GRANTS** Plaintiff's request to take jurisdictional discovery (Doc. No. 37 at 2). If warranted, Defendant may refile its request after the Parties conduct jurisdictional discovery.

The parties shall pursue discovery on the sole issue of venue, to be concluded within **60 days** from this date. Any renewed motion to dismiss or motion to transfer venue shall be filed within **15 days** thereafter.

So ORDERED and SIGNED this 7th day of August, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE